June 14, 1979

## 79-41   MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Chairman of the Federal Home Loan Bank Board—Reorganization Plan No. 3 of 1977 (5 U.S.C. App.)—Resignations—The President's Authority to Redesignate a Member as Chairman

This responds to the oral request of your Office for our views on the President's power to redesignate a member of the Federal Home Loan Bank Board. The Board, established by Reorganization Plan No. 3 of 1947 (5 U.S.C. App.; *see also* 12 U.S.C. § 1437), consists of three members appointed by the President by and with the advice and consent of the Senate.

On April 20, 1979, the Chairman tendered his resignation effective June 1, 1979. On May 1, 1979, the President accepted the resignation as Chairman and as a member of the Board. In a letter dated June 1, 1979, he notified the President that he had submitted his resignation only as Chairman, but not as a member. However, he expressed his willingness to continue to serve as Chairman until June 29, 1979, or until such earlier date as his resignation as a member and Chairman would be tendered. By letter dated June 6, 1979, the President noted that the letter of resignation of April 20 had applied only to the position of Chairman and not to membership on the Board. The President thereupon redesignated the member as Chairman of the Board until such time as his resignation as a member and Chairman was tendered.

It is our opinion that the President was authorized to redesignate the member as Chairman because he still was a member of the Board at that time.

It is true that the President's letter of May 1, 1979 stated that he accepted the resignation as Chairman and member. But the resignation was only as Chairman and not as a member. The President, of course, has the power to remove a purely executive officer in the absence of a resignation. *Myers* v. *United States,* 272 U.S. 52 (1926). However, in view of the bipartisan nature and the regulatory functions of the Board, it is questionable

whether the President has the same unrestricted power with respect to the members of the Board. *Humphrey's Executor* v. *United States,* 295 U.S. 602 (1935); *Wiener* v. *United States,* 357 U.S. 349 (1958). In any event, an intent to remove the Chairman as a member of the Board would be inconsistent with the highly complimentary and appreciative nature of the President's letter of May 1, 1979. The "acceptance" of the resignation as a member, therefore, was at most in the nature of a misunderstanding without any legal effect and did not terminate membership on the Board. Accordingly, the member was eligible to be redesignated as Chairman.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
